O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BLANCA NOCHEZ, | ) | Case No. CV 12-01982 DDP (CWx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS' MOTION** |
| | ) | **TO DISMISS COMPLAINT AND EXPUNGE** |
| v. | ) | **LIS PENDENS** |
| | ) | |
| SELECT PORTFOLIO SERVICING, | ) | [Docket Nos. 6, 10] |
| INC., BANK OF AMERICA, | ) | |
| RECONTRUST COMPANY, | ) | |
| COUNTRYWIDE BANK, N.A., | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| WELLS FARGO BANK, N.A., and | ) | |
| DOES 1 through 10, | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Presently before the court is Defendants Bank of America, N.A., and Recontrust Company's Motion to Dismiss Complaint and Expunge Lis Pendens ("Motion"). Having reviewed the parties' moving papers, the court grants Defendants' Motion and adopts the following Order.[1]

---

[1] Plaintiff voluntarily dismissed Defendants Select Portfolio Servicing, Inc., Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc., by filing an August 6, 2012 Amended Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c). The separate Motion to Dismiss filed by those

(continued...)

1   Plaintiff Blanca Nochez previously filed suit against

2   Defendants in California state court on May 28, 2010, challenging

3   the validity of Defendants' deed of trust on her property and

4   seeking to enjoin a pending trustee's sale.  The state court

5   dismissed Plaintiff's entire action with prejudice on February 16,

6   2011, after Plaintiff failed to appear at a hearing on Defendants'

7   motion to dismiss for failure to amend.  Plaintiff then filed suit

8   in this court on March 8, 2012, again challenging the validity of

9   the deed of trust and seeking to stop a pending trustee's sale.

10   Defendants argue that all of Plaintiff's claims are barred by

11   res judicata, because they "could have been raised" in her prior

12   state court action.  See W. Radio Servs. Co. v. Glickman, 123 F.3d

13   1189, 1192 (9th Cir. 1997).  The court agrees.  "In order for res

14   judicata to apply there must be: 1) an identity of claims, 2) a

15   final judgment on the merits, and 3) identity or privity between

16   parties."  Id.  The latter two requirements are clearly met here,

17   because the parties are the same and the state court judgment

18   dismissing the prior action with prejudice for failure to amend

19   constitutes a final judgment on the merits.  See Quinto v. JPMorgan

20   Chase Bank, No. 11-CV-02920, 2011 WL 6002599, at *6 (N.D. Cal. Nov.

21   30, 2011).

22   The court also finds that there an identity of claims in the

23   two actions, notwithstanding Plaintiff's addition of various claims

24   in the instant Complaint.  Although the Ninth Circuit has looked at

25   multiple factors in determining whether there is an identity of

26   claims, the primary focus is whether the "two suits arise from the

27   _____

28   [1](...continued)
Defendants is therefore moot.

2

1  same transactional nucleus of facts." <u>Tahoe-Sierra Pres. Council,</u>

2  <u>Inc. v. Tahoe Reg'l Planning Agency</u>, 322 F.3d 1064, 1078 (9th Cir.

3  2003) (internal quotation marks omitted).  Here, as mentioned, all

4  of Plaintiff's claims in both actions are tied to the validity of

5  the deed of trust and Defendants' right to conduct a foreclosure

6  sale.  Both of Plaintiff's actions therefore arise from the same

7  transactional nucleus of facts - i.e. as to the origination of the

8  loan and Defendants' authority to foreclose on the property.

9      Further, Plaintiff does not address Defendants' res judicata

10  argument, other than stating in her Opposition to the Motion that

11  one of the Defendants had offered her a loan modification if she

12  did not pursue her state court action.  Without more, the court

13  finds that this conclusory allegation does not change the res

14  judicata analysis.  If Defendants in fact fraudulently interfered

15  with the state court action, Plaintiff's remedy would be to seek to

16  set aside the state court judgment.

17      For all of these reasons, the court hereby GRANTS Defendants'

18  Motion to Dismiss Complaint and Expunge Lis Pendens.

19

20  IT IS SO ORDERED.

21

22

23  Dated: September 17, 2012

24                              DEAN D. PREGERSON
                                United States District Judge

25

26

27

28

                                3